# Kentucky Home Life Insurance Co. v. Kittinger.

(Decided Nov. 29, 1935.)

BEN S. WASHER and L. H. HILTON for appellant.

JOHN HUFFAKER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On June 1, 1914, Rudolph Kittinger, the deceased husband of appellee and plaintiff below, Mabel Kittinger, procured an insurance policy on his life in the amount of $500 with the Citizens National Life Insurance Company, a Kentucky corporation. The monthly premiums for the first two years were 62 cents, and double that amount thereafter. Some years after the policy was issued, the company that executed it was absorbed by the Intersouthern Life Insurance Company of Louisville, Ky., and it issued to the insured an "As-

sumption Certificate'' whereby it became obligated to perform the policy agreements. On two occasions before December 1, 1924, the insured defaulted in his monthly payments, but he later, and pursuant to his policy provisions, applied for and secured a reinstatement. He defaulted in the monthly payment dated December 1, 1924, and did not thereafter apply for reinstatement. Before that date he became indebted to the company in the sum of $9, for which he executed to it his note which was unpaid at the time of his last default. The policy provided that in case of default, and without payment during the following 30-day grace period after the policy was in force for three full years, any indebtedness to the insurer should be deducted from the earnings of the policy at the time of default, and that the insured should have three options of settlement: (a) By taking extended paid-up insurance for the full amount of the policy less the indebtedness owed; (b) to take a paid-up policy for the amount the net earnings would buy; or (c) to take the net earnings in cash. It was also provided in the policy that in such defaulting event, without insured's exercise of his optional right, the insurer would exercise it for him by giving him extended insurance under option (a).

Pursuant to such provisions (the insurer not having exercised his option following his last default), a clerk in the home office of the Intersouthern Company, the then obligator in the policy, attempted to calculate the period of extended insurance to which the insured was entitled (the amount being reduced to $491 after deducting indebtedness evidenced by insured's note, supra), and by oversight or mistake he announced a much greater period of extension than the policy was entitled to, because of having before him at the time a 20-year payment policy the premiums on which for the same amount of insurance was much larger than for the kind of policy carried by the insured, and which accrued larger earnings to the insured than a straight life policy. The calculating clerk, therefore, estimated that, according to the earnings of such a policy, Kittinger's insurance was entitled to an extension for the period ending November 25, 1940, and the company issued a statement to that effect which was attached to the policy.

In 1932, the Intersouthern Company became in-

solvent and its affairs were settled through litigation in the Franklin circuit court, a part of which was a sale of its property and an assumption of its obligation to its policyholders by the purchaser. Appellant and defendant below became the purchaser of such assets, and in its bid therefor it limited the obligations that it assumed to the then current valid policies of the Intersouthern. Its bid was accepted and the sale to it confirmed, thus substituting it as the insurer in all outstanding policies, including the one here sued on, provided they were at that time in force and effect, since its submitted bid expressly stipulated that it only assumed the obligations of policies then in force and effect. Following the completion of its purchase, it issued to Rudolph Kittinger its assumption certificate, and later he died in 1933. The plaintiff was beneficiary in the policy, and she demanded payment, of defendant, which it refused upon the ground that the clerk of the Intersouthern Life Insurance Company who calculated the extended period of the policy in contest mistakenly estimated it as extending to the period abo.e mentioned when it should have been extended, under the terms of the policy, only to February 21, 1926, or for a period of 1 year and 82 days from the date of default on December 1, 1924. Plaintiff by her pleadings admitted the mistake and error relied on, but pleaded the neglect of defendant in discovering the mistake until after the death of the insured, which her counsel insisted had the effect to estop defendant from relying on it.

Following pleadings made the issues and the case was referred to the commissioner of the court to take evidence and report whether or not the policy was in force at the time of the insured's death. He filed his report in which he made an affirmative answer and recommended judgment in favor of the plaintiff for $491. Defendant filed exceptions to that report, which the court overruled and rendered judgment in accordance with the commissioner's recommendation, to reverse which defendant filed the record in this court with a motion for an appeal.

It is first insisted by counsel for plaintiff that the admitted mistake was not a mutual one in that the insured did not participate therein; but we are not altogether convinced of the correctness of that insistence. The policy was never out of the possession of

the insured, and the data from which such a calculation could be made was contained, either in its face or on its back, or in papers attached to it and from which the correct period of extension could be easily calculated, and which undisputably was 1 year and 82 days from the date of the default, or to and including February 21, 1926. It is, furthermore, conceded that, according to the terms of the policy, the extended insurance to which it was entitled terminated at that date, and that the intermediate time from it to the mistaken date calculated by the clerk of the Intersouthern at the time was entirely in excess of the extended period to which the insured was entitled under his policy. Therefore, the alleged obligation of defendant under the policy during that excess period was wholly gratis on the part of the insurer and conferred a favor and benefit on the insured over and above that for which he had contracted and paid, and to which other similar policyholders were not entitled. The declared practice applicable to relief against mutual mistakes as a basis for reformation prevails only where the one resisting the relief denies the mistake and insists that the contract as written embodies the true agreement; but in this case plaintiff, as well as her counsel, admits the mistake relied on. Moreover, the excess extension was without consideration, since the insured neither surrendered nor gave up anything to obtain it.

That insurance policies may be reformed or actions thereon defended for mutual mistakes is fully discussed and approved in the case of Harrel's Adm'r v. Harrel, 232 Ky. 469, 23 S. W. (2d) 922, in which the beneficiary named in the policy was corrected after the death of the insured because of such mistake. The same question was before this court (but in which the amount due from the insurer as shown by the face of the policy was the question involved) in the case of Flimin's Adm'x v. Metropolitan Life Ins. Co., 255 Ky. 621, 75 S. W. (2d) 207, and in which we approved the right of the insurer to reduce the amount of the insurance as shown by the policy because of a mistake by it or its agents and servants in inserting therein a larger amount than the contract called for. The opinions in these cases, we conclude, control the question now under consideration. Practically the only distinction between the facts of the latter one and those of this one is, that the mistake therein related to the

amount due from the insurer which was less than that shown by the policy to be due; while here the mistake relates to the period of time that the policy was in force. In both of the cited and recently rendered opinions the mistake was relied on and the rights of the parties adjusted by it in an action to recover on the policy after the insured's death, the same as is true in this one, and the insistence made by counsel for plaintiff that the defense here relied on should have been asserted in an appropriate proceedings for the purpose before insured's death is, as we conclude, answered against that contention by those two cases.

But it is earnestly argued that defendant is estopped to make the defense it relies on in this case, and for which reason it should be disallowed, and which seems to be the ground upon which the judgment of the trial court was based. However, that contention overlooks one of the essential elements of estoppel, and which is that the one relying on it was induced by the estopping conduct of his adversary to change his status whereby he was deprived of rights which he otherwise would have possessed and which operated to his detriment. There is no claim here, by pleading or otherwise, that the insured, Rudolph Kittinger, was influenced in the slightest by the mistake relied on to do or abstain from doing any act whereby he was deprived of anything. The surmise that he may have taken out insurance following the period of his entitled extension on the policy sued on, but for the mistake, is a pure speculation. Such probable conduct on his part is neither alleged nor attempted to be proven. On the contrary, the fact that he permitted insurance that he already had to lapse is a fact strongly indicative that he had determined not to be longer burdened with periodical life insurance premiums. The facts do not call for an extended discussion of the law relating to the right of relief against mistakes, and we will not engage in it. The plaintiff is simply demanding by this action something for which her husband had never contracted, nor to the acquisition of which he never contributed. Such attempted asserted rights are not enforced by the law, unless supported by some equity in favor of the one asserting them and which he acquired because of some dereliction of his adversary and by which he was caused to detrimentally change his position which he otherwise would not have done. If, as we

held in the Flimin Case, supra, the amount payable as shown by the policy can be reduced in an action thereon after the death of the insured, we see no reason why the period covered by the policy could not also be reduced in a similar action and for the same cause.

Wherefore, the motion for the appeal is sustained; the appeal is granted, and the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.

Whole court sitting; Chief Justice Clay dissenting.